**Jerald M. YARIS, Plaintiff–Appellant,**

v.

**ARNOT–OGDEN MEMORIAL HOSPITAL, Defendant–Appellee.**

No. 217, Docket 89–7510.

United States Court of Appeals, Second Circuit.

Argued Oct. 27, 1989.

Decided Dec. 5, 1989.

Rudy J. Huizenga, Detroit, Mich. (Beth M. Rivers, John Hergt, Donnelly, Huizenga, Wahl, Hagan & Hergt, P.C., Detroit, Mich., of counsel), for plaintiff-appellant.

James F. Young, Elmira, N.Y. (Sayles, Evans, Brayton, Palmer & Tifft, Elmira, N.Y., of counsel), for defendant-appellee.

Before KEARSE and ALTIMARI, Circuit Judges, and CONNER, District Judge.[*]

ALTIMARI, Circuit Judge:

Plaintiff-appellant Jerald M. Yaris appeals from a judgment of the United States District Court for the Western District of New York (Telesca, *C.J.*) which granted defendant-appellee Arnot–Ogden Memorial Hospital's ("Arnot–Ogden") motion for summary judgment pursuant to Fed.R. Civ.P. 56. Yaris initiated this diversity action seeking to recover damages allegedly sustained as a result of Arnot–Ogden's breach of a contract for lifetime employment. The district court found that Yaris did not raise sufficient issues of material fact to rebut the presumption under New York law that employment is terminable at will, and accordingly granted summary judgment dismissing his complaint. On this appeal, as in the district court, Yaris contends that an oral promise of lifetime employment combined with an employment policy manual which specifies termination for cause procedures was sufficient to es-

[*] Honorable William C. Conner, Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation.

tablish a contract of lifetime employment terminable only for cause. We find that there remain unresolved disputed issues of fact which are material to a determination of whether Arnot–Ogden expressly limited its right to terminate Yaris' employment at will. Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

The dispute in this action centers around the circumstances under which Yaris agreed to become an employee of Arnot–Ogden in Elmira, New York. Yaris was employed as Director of Public Relations by Rockford Memorial Hospital ("Rockford") in Rockford, Illinois. While at Rockford, Yaris worked with Dallas K. Larson, who was later to become the president of Arnot–Ogden.

During the summer of 1983, Larson, as Arnot–Ogden's president, was engaged in efforts to hire a director of public relations for Arnot–Ogden. Toward that end, Larson telephoned Yaris in Illinois to inquire whether Yaris knew of anyone with appropriate experience who might be interested in the position. Yaris indicated that he would like to be considered for the job. Yaris asserts that during this phone conversation, Larson promised him "a position for life if you can do the job, and I know you can do the job."

Thereafter, Yaris and Larson engaged in a number of phone conversations to further discuss the prospect of Yaris joining Arnot–Ogden. In addition, Yaris travelled to Elmira to meet with Larson and other Arnot–Ogden officials on two occasions. Yaris contends that at some point during these ongoing discussions, Larson provided him with a draft copy of Arnot–Ogden's employment policy and procedure manual, which included a section on termination procedures. In October 1983, Yaris commenced employment as Arnot–Ogden's Associate Vice–President for Public Relations/Development.

On January 17, 1986, Yaris was terminated from his employment with Arnot–Ogden.

## DISCUSSION

Summary judgment is inappropriate if there are material factual issues which a reasonable finder of fact could resolve in favor of the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In deciding a summary judgment motion, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *American Plastic Equipment, Inc. v. CBS Inc.*, 886 F.2d 521, 525 (2d Cir.1989). Whether a factual issue is material is determined by the substantive law. *Wright v. Cayan*, 817 F.2d 999, 1002 (2d Cir.), *cert. denied*, 484 U.S. 853, 108 S.Ct. 157, 98 L.Ed.2d 112 (1987).

Generally, under New York law, "where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason." *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 300, 461 N.Y.S.2d 232, 235, 448 N.E.2d 86, 89 (1983). The presumption of at-will employment may be rebutted, however, by proof that an employer expressly agreed to limit its right to discharge an employee. *Id.* at 305, 461 N.Y.S.2d 232, 448 N.E.2d 86. " '[A]ny single act, phrase or other expression' " is insufficient to demonstrate such a limitation. *Weiner v. McGraw–Hill, Inc.*, 57 N.Y.2d 458, 467, 457 N.Y.S.2d 193, 198, 443 N.E.2d 441 (1982) (citation omitted). Rather, a court must look to the totality of the attendant circumstances to determine whether an employer agreed to terminate only for cause. *Id.*

The district court determined that the totality of circumstances in this case did not warrant finding an express limitation of Arnot–Ogden's right to discharge Yaris. This conclusion was based in large part upon the court's rejection of Yaris' claimed reliance upon Arnot–Ogden's policy and procedure manual. The court reasoned that the termination for cause procedures "were not formally adopted until several months after Yaris began working

there.... Yaris cannot realistically claim to have relied upon these policies in accepting employment at Arnot–Ogden when they were yet to be promulgated."

The issue before us, however, is not whether Arnot–Ogden expressly limited its rights with respect to its entire work force. Instead, we are concerned with the agreement reached between Arnot–Ogden and Yaris. The fact that the policy manual was not effective for the entire staff is not dispositive of Yaris' claim that *he* relied on a draft of the policy which Larson furnished to him during their negotiations.

The parties dispute whether Yaris was given such a draft and whether any oral promise of lifetime employment was made. These, however, are issues for the finder of fact. Viewing the totality of the circumstances as presented by Yaris and drawing all reasonable inferences in his favor, a reasonable jury could find that Arnot–Ogden expressly limited its right to terminate Yaris at will.

### CONCLUSION

Accordingly, since there remain genuine issues of material fact, the judgment of the district court granting defendant's motion for summary judgment is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

*Reversed and remanded.*